IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| RASHAD LEE, #213 823 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-879-MHT |
| | | (WO) |
| L.B. SMITHART, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently confined at the Ventress Correctional Facility, files this 42 U.S.C. § 1983 action against the Honorable Burt Smithart, court reporter Kelli Mills, Bullock County Circuit Court Clerk Wilbert Jernigan, and the Alabama Department of Corrections. In the complaint, Plaintiff alleges that in September 2008 his criminal sentence in *State of Alabama v. Lee*, CC-2000-61.65, was amended to provide that he attend and complete the Therapeutic Community Program with the Alabama Department of Corrections.[1] Plaintiff asserts that when he requested that the trial court place him in this particular program, he was unaware that one of the basic requirements of the program was that he acknowledge that there is a "God" and "Higher Power." He complains that if he is compelled to attend the program this particular requirement will violate his First Amendment rights. Plaintiff seeks an injunction prohibiting his transfer to another

---

[1]This particular rehabilitative program is offered at Ventress Correctional Facility. (*See Doc. No. 1*.)

correctional facility for his refusal to attend the Therapeutic Community Program and/or an injunction prohibiting his participation in a rehabilitative program that will cause him to violate his religious beliefs. (*Doc. No. 1 and Exhs. A, B*.)

The documents and records before the court reflect that on March 3, 2010 the trial court amended Plaintiff's sentence to exempt him from attendance and participation in the Therapeutic Community Program. The state court's order further directed that all other provisions of Plaintiff's sentencing order remain the same and in full force and effect. (*Doc. No. 19*.)

As a result of the trial court's action, the court directed Plaintiff to show cause why his complaint for injunctive relief should not be dismissed as moot. Plaintiff filed a response to said order. Based on said response as well as Plaintiff's complaint, the specific relief he sought therein, and the current provisions of Plaintiff's criminal sentence, the court concludes that this action due to be dismissed as moot.[2]

---

[2] In his response to the court's order to show cause, Plaintiff states, among other things, that his complaint should not be dismissed because he paid an initial partial filing fee in accordance with the orders of the court. (*Doc. No. 20*.) Alternatively, Plaintiff requests that the court refund his initial partial filing fee in the event the court does not direct service of his complaint on Defendants. (*Id*.) Plaintiff is advised that the order directing payment of an initial partial filing fee advised him, in pertinent part:

> **Plaintiff is [ ] advised that if this case is dismissed for failure to pay the initial partial filing fee <u>or for any other reason he remains obligated to pay the $350.00 filing fee</u>**. The filing fee will be collected from any funds which become available to Plaintiff and will be forwarded to this court by those persons having custody of Plaintiff pursuant to the directives contained in this order.

(*Doc. No. 5 at pg. 3*.)

## I.  DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County School Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Federal courts are not permitted

to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

Plaintiff is no longer subject to court order that he attend the Therapeutic Community Program. He is, therefore, no longer subject to the condition about which he complained when he filed this action and there is, therefore, no longer a case or controversy to litigate. Accordingly, Plaintiff's complaint is due to be dismissed as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S.

478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED with prejudice as moot; and

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 3, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

5

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of April, 2010.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE